DIVISION OF TAX APPEALS.

IN THE MATTER OF THE APPEAL OF TEXTILE RESEARCH INSTITUTE, INC., PETITIONER, v. TOWNSHIP OF PRINCETON, RESPONDENT, FOR THE YEAR 1945.

Decided December 17, 1946.

For the petitioner, *Brady & Daly* (by *Robert R. Daly*).

For the respondent, *Louis Gerber.*

LABRECQUE, COMMISSIONER. The petitioner is the owner of premises located on East Nassau Street, in the Township of Princeton, comprising land and certain buildings thereon which were assessed for the year 1945 at land—$3,000 and improvements—$19,000,. making a total of $22,000.

Conceiving that it was a corporation entitled to exemption under and by virtue of chapter 243 of the laws of 1941, *R. S.* 54:4–3.6, the petitioner filed its appeal to the Mercer County Board of Taxation, which board dismissed the appeal and·

affirmed the assessment. The present appeal challenges the action of the County Board and prays that the judgment of the County Board be reversed and the assessment canceled.

We are constrained to dismiss the appeal and to affirm the judgment of the County Board for the reason that the evidence is plenary that the petitioner does not come within the class of taxpayers entitled to exemption under the provisions of the statute cited. While chapter 243 of the laws of 1941 provides for the exemption of:

"all buildings actually used for colleges, schools, academies or seminaries;"

also;

"all buildings actually and exclusively used in the work of associations and corporations organized exclusively for the moral and mental improvement of men, women and children;"

also;

"all buildings owned or held by an association or corporation created for the purpose of holding the title to such buildings as are actually and exclusively used in the work of two or more associations or corporations organized exclusively for the moral and mental improvement of men, women and children."

It further provides that:

"The foregoing exemptions shall apply only where the association, corporation or institution claiming the exemption owns the property in question and *is incorporated or organized under the laws of this state* and authorized to carry out the purposes on account of which the exemption is claimed."

It is undisputed that the petitioner corporation is not incorporated or organized under the laws of this state. Originally incorporated under the Membership Corporation Law of the State of New York, the corporation, in 1941, changed its name to the present title of Textile Research, Inc. So far as the record before us indicates, it has never been incorporated under the laws of New Jersey. Such being the case, the petitioner's claim for exemption does not come within the terms of the statute and must fall. *Board of Trustees of Blair Academy* v. *State Board, 6 N. J. Mis. R.*

498; *affirmed,* 106 *N. J. L.* 556, and *New Providence* v. *Lions Club,* 19 *N. J. Mis. R.* 103.

The petitioner has likewise failed to sustain the burden of proving that it comes within the remaining terms of the statutory exemption. Statutes granting exemptions are universally construed against those claiming thereunder, and the burden of proof of justifying the exemption is upon the claimant. *City of Trenton* v. *State Board of Tax Appeals,* 127 *N. J. L.* 105; *affirmed,* 128 *Id.* 320. The petitioner has failed to sustain this burden.

Petitioner urges that the premises under appeal come under the classification of "all buildings actually used for colleges, schools, academies or seminaries." A review of the evidence fails to sustain this claim. The building in question, according to the undisputed testimony, is used as a laboratory. It is controlled solely by the appellant. Neither Princeton University nor any other college or university has any jurisdiction over it. The situation is in nowise changed by the fact that there are instructors in the laboratory and that the "fellows," as the petitioner calls them, are enrolled and subsidized by the petitioner in the Graduate School at Princeton. This claim fails to meet the tests enunciated by the Supreme Court in *Dwight School* v. *State Board of Tax Appeals,* 114 *N. J. L.* 594.

It is next claimed by the petitioner that the subject premises come within the classification of buildings "actually and exclusively used for the moral and mental improvement of men, women and children." This claim likewise fails. The petitioner is not organized exclusively for the moral and mental improvement of men, women and children. On the contrary, the testimony and the written exhibits indicate that it is organized for the benefit of the textile industry, to furnish research facilities for and at the expense of the industry. Reference to the certificate of incorporation indicates the principal purpose of the corporation to be "to promote, cultivate, facilitate and perform research for the benefit of the textile industries and their allied branches, in the public interest." Obviously, the words "in the public interest" add nothing to what has been said before.

Reference to the testimony of petitioner's only witness, Daly, further confirms this. He states:

"The endowment and the funds currently provided to the institute are by industry, and it is the hope of industry by their contributions that such research can be accomplished as to benefit the textile industry in the United States."

The conclusion is inescapable that the premises in question are devoted principally and primarily to textile research for the benefit of the textile industry, and that the institute is not organized exclusively for the mental and moral improvement of men, women and children.

For the reasons stated, the appeal should be dismissed and the action of the Mercer County Board of Taxation affirmed.

Judgment accordingly.